### No. 4087.

ELLEN FITZPATRICK and HUSBAND v. THE MUTUAL AND BENEVOLENT LIFE INSURANCE ASSOCIATION OF LOUISIANA.

<div style="float:right">25 443|<br>52 1738</div>

As the forfeiture of legal rights is not favored by the courts, the terms or conditions upon which a forfeiture shall happen must be strictly complied with.

Where an insurance company notified the insured that a forfeiture would not be claimed for non-payment of assessments, till thirty days after the publication of a notice of the call, for eight consecutive days, the said company should have made the publication and given the delay, because the insured had the right to expect it, and is presumed to have acted upon it.

APPEAL from the Seventh District Court, parish of Orleans. *Collens, J. Gilmore & Sons*, for plaintiff and appellant. *Ogden & Hill*, for defendant and appellee.

TALIAFERRO, J. The plaintiff sues as the holder and beneficiary under a policy issued by the defendants upon the life of her father, P. H. Cummings, who died first of December, 1870.

The defense is, that the policy, and all the payments made on it, were forfeited by the non-payment by the deceased of several assessments due upon the death of members of the Association. There was judgment as of non-suit against the plaintiff, and she has appealed.

But one question is presented—that of forfeiture. The notices to members of the Association to pay assessments as they arise, are made to persons residing in New Orleans, by publication in a daily newspaper in the English, German and French languages for five consecutive days. Notices of several assessments due by the plaintiff's father, it seems, were given in this manner; and it also appears that payment was not made within the time prescribed. But on the part of the plaintiff, it is contended that the mode of giving notice had been waived and modified by the custom of making personal service of notices partly in writing and partly in print, and by changing the mode and manner of *publication; that Mr. Cummings was not, in this mode, notified of the calls made in the case in which the company allege the forfeiture arose ; and it is shown that, in previous instances these written and printed instruments were served upon him. We incline to the opinion of the judge *a quo*, that these instruments, relied upon by the plaintiff, presented before payment, are, in reality, only copies of the newspaper notices included in a receipt prepared before-

hand, but delivered only on payment of the assessment. Besides, it is shown that, within the time allotted for payment, a demand was made on Cummings, and he refused to make payment, declaring that it was a swindling concern, and that he would have no more to do, with it.

Judgment affirmed.

---

### ON REHEARING.

WYLY, J. On further examination we have come to the conclusion that the policy in this case was not forfeited.

By a clause of the policy the forfeiture would be authorized if a member failed to pay an assessment called for, within thirty days after a publication of five consecutive days of the notice.

Subsequently, to wit: on the eighth of August, 1870, the defendants addressed a notice of a call to the insured, Patrick Henry Cummings, on which the following indorsement is found:

"Members residing in the city of New Orleans are hereby notified that the notices of assessments due by them on death of a member are only given through newspaper publication—in special notice column—for eight consecutive days; being always published on the first Sunday of the month and continued through the week, including the second Sunday. Payment is required at the office within thirty days from date of publication; the failure to make payment within thirty days operates a forfeiture of his or her policy, and the name of such delinquent will be erased from the books of said association. Notices of assessments are published in the New Orleans Times, New Orleans Bee, the Daily Picayune and German Gazette. Special notices will not be sent to residence or business location."

Under this agreement the forfeiture would not occur unless there was a failure to pay the assessment called for, after thirty days from the publication of notice for eight consecutive days in certain papers.

It appears from the evidence that the notice under which the forfeiture is claimed was only published for seven days, and also that the forfeiture was declared before thirty days thereafter had elapsed. While this indorsement remained unrecalled, it must be regarded as a voluntary extension of the time of the publication, in order to effect a forfeiture as agreed to in the contract of insurance.

As the forfeiture of legal rights is not favored by the courts, the terms or conditions upon which a forfeiture shall happen must be strictly complied with.

Having notified the insured that a forfeiture would not be claimed for non-payment of assessments till thirty days after the publication of a notice of the call, for eight consecutive days, the defendants

should have made the publication and given the delay, because the insured had the right to expect it, and he is presumed to have acted upon it.

It is therefore ordered that the judgment of this court, rendered on the thirteenth of January, 1873, be set aside, and it is now ordered that the plaintiff recover judgment against the defendants for twenty-seven hundred dollars, with legal interest thereon from first of February, 1871, and costs of both courts.